UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT STERLING, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, BELINDA NUCIFORA, DAVID BARTHOLOMEW, CHRISTOPHER GUZOWSKI, and MICHAEL ALFRED,<br><br>                     Defendants. | Case No. 2:22-cv-07273-JMV-MAH<br><br>**JOINT STIPULATION AND ORDER** |

WHEREAS, on December 14, 2022, Plaintiff Scott Sterling ("Plaintiff"), individually and on behalf of all others similarly situated, filed a putative class action complaint in the above-captioned action (the "Action"), Dkt. No. 1 (the "Complaint"), against Defendants Iris Energy Limited, Daniel Roberts, William Roberts, Belinda Nucifora, David Bartholomew, Christopher Guzowski, and Michael Alfred (collectively, "Defendants" and, together with Plaintiff, the "Parties");

WHEREAS, this putative class action asserts federal securities claims arising under the Securities Exchange Act of 1934 and the Securities Act of 1933, which are governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 77z-1 *et seq.*, 78u-4 *et seq.*;

WHEREAS, the PSLRA provides for consolidation of all related actions and the appointment of a lead plaintiff and lead counsel after a 60-day notice period expires following the public notice of the filing of an initial securities class action (15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3));

WHEREAS, pursuant to the PSLRA, Plaintiff or other members of the putative class may move this Court to serve as lead plaintiff(s) and for their chosen selection of counsel to be appointed as lead counsel on behalf of the class (the "Lead Plaintiff");

WHEREAS, upon the entry of an Order by the Court appointing one or more Lead Plaintiffs and lead counsel (the "Lead Plaintiff Order"), the Lead Plaintiff may seek to file a consolidated or amended complaint, which will supersede the current Complaint, or may wish to designate the current Complaint as the operative complaint;

WHEREAS, the Defendants currently intend to file a motion to dismiss in response to the operative Complaint or amended complaint after the appointment of the Lead Plaintiff;

WHEREAS, the PSLRA provides for an automatic stay of discovery in this Action during the pendency of any motion to dismiss, *see* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B);

WHEREAS, counsel for the Parties believe that an answer or motion responding to the Complaint would be premature prior to the entry of the Lead Plaintiff Order; and

WHEREAS the Parties have conferred and agree that the obligation to respond to the Complaint should be deferred for all Defendants in light of the foregoing and in the interest of judicial efficiency; and

WHEREAS, this is the first request for an extension of time for the Defendants to respond to the Complaint;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the Parties, as follows:

1. The undersigned counsel for Defendants is authorized to, and hereby does, waive service of the summons and the Complaint in this Action on behalf of Defendants, without waiver of, or prejudice to, any of their rights, defenses or other objections, including, but not limited to, with respect to personal jurisdiction.

2. Defendants shall not be required to answer, move, or otherwise respond to the Complaint, **pending further Order of the Court**.

3. Defendants expressly reserve all rights, arguments and defenses, other than as to service of process.

4. Within fourteen (14) days of the Court's entry of a Lead Plaintiff Order, counsel for the court-appointed Lead Plaintiff(s) and Defendants shall meet and confer and jointly submit for the Court's approval a proposed schedule for the filing of an amended complaint or designating the initial Complaint as the operative complaint, Defendants' response to the same, and all briefing or other submissions associated with any motion(s) to dismiss. **If no such proposed schedule is submitted on or before April 7, 2023, counsel shall file a joint status report on that date, and may request any further extension.**

5. Nothing in this stipulation shall prejudice the right of any Party to seek further extensions on the consent of the other Parties or from the Court.

3

Respectfully submitted this 2nd day of February 2023, by:

| **POMERANTZ LLP** | **GIBBONS P.C.** |
|---|---|
| *s/ Thomas H. Przybylowski* | *s/ Samuel I. Portnoy* |
| Thomas H. Przybylowski | Samuel I. Portnoy, Esq. |
| 600 Third Avenue, 20th Floor | Christina M. Labruno, Esq. |
| New York, New York 10016 | One Gateway Center |
| Telephone: (212) 661-1100 | Newark, New Jersey 07102-5310 |
| Facsimile: (917) 463-1044 | (973) 596-4879 |
| tprzybylowski@pomlaw.com | sportnoy@gibbonslaw.com |
|  | clabruno@gibbonslaw.com |
| *Attorneys for Plaintiff* |  |

**DAVIS POLK & WARDWELL LLP**

Edmund Polubinski III, Esq.
Mari Grace Byrne, Esq.
Charlotte M. Savino, Esq.
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835
edmund.polubinski@davispolk.com
mari.byrne@davispolk.com

*Attorneys for Defendants*

It is **SO ORDERED**.

Dated: ____**February 3**____, 2023    *s/ Michael A. Hammer*
　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　 Hon. Michael A. Hammer
　　　　　　　　　　　　　　　　　　　　 United States Magistrate Judge

4