COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Peter S. Pearlman
Matthew F. Gately
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600
Facsimile:  (201) 845-9423

*Counsel for Movants Network Racing Pty Ltd.,*
*Nahi Beaini, LRJ Superannuation Fund, and*
*De Stoop Investments Pty Ltd. and*
*Proposed Liaison Counsel*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT STERLING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, BELINDA NUCIFORA, DAVID BARTHOLOMEW, CHRISTOPHER GUZOWSKI, and MICHAEL ALFRED,<br><br>Defendants. | Case No. 2:22-cv-7273-JMV-MAH<br>Honorable John Michael Vazquez<br><br>Class Action<br><br>MOTION DAY: **March 20, 2023**<br><br>ORAL ARGUMENT REQUESTED |

**Memorandum of Law in Support of the IREN Investor Group's
Motion for Appointment of Lead Plaintiff and
for Approval of Selection of Lead Counsel**

# Table of Contents

PRELIMINARY STATEMENT.................................................................1

FACTUAL BACKGROUND....................................................................4

    I.    The Complaint ..................................................................4

    II.    The IREN Investor Group's Motion ................................7

ARGUMENT..........................................................................................8

    I.    The Court Should Appoint the IREN Investor Group
        as Lead Plaintiff ..............................................................8

        A.    The IREN Investor Group's Motion Is Timely ...................9

        B.    The IREN Investor Group Has Suffered the
            Largest Amount of Recoverable Losses...............................9

            (1)    The IREN Investor Group Suffered Substantial
                  Losses as a Result of Their Purchases
                  of Iris Stock ...................................................................10

            (2)    As Demonstrated in the Joint Declaration,
                  the IREN Investor Group Has the Ability
                  to Function Cohesively and to Prosecute
                  This Action Vigorously ................................................11

        C.    The IREN Investor Group Has Made a *Prima
            Facie* Showing of Typicality and Adequacy
            Under Rule 23(a) ..................................................................13

            (1)    The IREN Investor Group's Claims
                  Are Typical....................................................................13

            (2)    The IREN Investor Group Is an Adequate
                  Representative of the Class .........................................16

i

II.    The Court Should Approve the Selection of Bottini &
Bottini, Inc. as Lead Counsel and Cohn Lifland as
Liaison Counsel Based on These Firms' Experiences
and Qualifications ............................................................................17

CONCLUSION ....................................................................................................19

# Table of Authorities

## Cases

*Caiafa v. Sea Containers Ltd.*,
   No. 06 Civ. 2565 RMB,
   2006 WL 2381841 (S.D.N.Y. Aug. 14, 2006)....................................................16

*City of Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*,
   C.A. Nos. 18-4772 (JMV) *et al.*,
   2018 U.S. Dist. LEXIS 165878 (D.N.J. Sept. 26, 2018) ......................................2

*Ferrari v. Impath, Inc.*,
   No. 03 Civ. 5667 DAB,
   2004 WL 1637053 (S.D.N.Y. July 20, 2004) .....................................................15

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)......................................................................... *passim*

*In re Crayfish Co. Sec. Litig.*,
   No. 00 Civ. 6766 DAB,
   2002 WL 1268013 (S.D.N.Y. June 6, 2002).......................................................11

*In re Versata, Inc. Sec. Litig.*,
   No. C 01-1439 SI,
   2001 WL 34012374 (N.D. Cal. Aug. 20, 2001)..................................................12

*Montesano v. Eros Int'l PLC*,
   C.A. Nos. 19-14125 (JMV) *et al.*,
   2020 U.S. Dist. LEXIS 65909 (D.N.J. Apr. 14, 2020).............................. *passim*

*Peters v. Jinkosolar Holding Co.*,
   No. 11 Civ. 7133 JPO,
   2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ......................................................11

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986)...............................................................................14

*Sabbagh v. Cell Therapeutics, Inc.*,
    Nos. C10-0414-MJP *et al.*,
    2010 WL 3064427 (W.D. Wash. Aug. 2, 2010) ................................................11

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ......................................................................16

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ........................................................................14

*Wilson v. Aurora Cannabis Inc.*,
    C.A. Nos. 19-20588 (JMV) *et al.*,
    2020 U.S. Dist. LEXIS 171474 (D.N.J. July 23, 2020) ................................2, 11

**Statutes**

15 U.S.C. § 77z-1 ..................................................................................................1

15 U.S.C. § 78u-4 ......................................................................................... *passim*

**Rules**

FED. R. CIV. P. 23 ......................................................................................... *passim*

In this securities-fraud class action against Iris Energy Limited ("Iris"; NASDAQ: "IREN") and its officers and directors,[1] movants Network Racing Pty Ltd., Nahi Beaini, LRJ Superannuation Fund, and De Stoop Investments Pty Ltd. (together, the "IREN Investor Group") respectfully submit this memorandum in support of their motion, under Section 27(a)(3)(B) of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78u-4(a)(3)(B),[2] as amended by the Private Securities Litigation Reform Act of 1995, for appointment as lead plaintiff and for approval of selection of lead counsel and liaison counsel.

## PRELIMINARY STATEMENT

At the inception of a securities-fraud class action, the PSLRA requires that the Court appoint a lead plaintiff and lead counsel for the class. This

---

[1] Defendants are Iris, its co-chief executive officers (Daniel Roberts and William Roberts), its chief financial officer (Belinda Nucifora), and its three directors (David Bartholomew, Christopher Guzowski, and Michael Alfred).

[2] The texts of the "[a]ppointment of lead plaintiff" provisions in the 1933 Act (15 U.S.C. § 77z-1(a)(3)) and the 1934 Act (15 U.S.C. § 78u-4(a)(3)) are substantively identical. Discussions of either provision apply to both.

1

motion asks that the Court do just that — as this Court has done in numerous other cases. *See, e.g.*, *Montesano v. Eros Int'l PLC*, C.A. Nos. 19-14125 (JMV) *et al.*, 2020 U.S. Dist. LEXIS 65909 (D.N.J. Apr. 14, 2020); *Wilson v. Aurora Cannabis Inc.*, C.A. Nos. 19-20588 (JMV) *et al.*, 2020 U.S. Dist. LEXIS 171474 (D.N.J. July 23, 2020); *City of Warren Gen. Emps.' Ret. Sys. v. Celgene Corp.*, C.A. Nos. 18-4772 (JMV) *et al.*, 2018 U.S. Dist. LEXIS 165878 (D.N.J. Sept. 26, 2018).

In step one of the PSLRA's two-step process, as explained by the Third Circuit in *In re Cendant Corp. Litigation*, the IREN Investor Group is the presumptive "most adequate plaintiff" because:

- the group has timely moved for lead-plaintiff appointment;

- the group has the "largest financial interest in the relief sought by the class" due to the group members' purchases of 59,952 shares of defendant Iris's common stock during the Class Period (between November 17, 2021 and November 1, 2022), which resulted in losses of approximately $1,315,658.72; and

- the group has made a *prima facie* showing of typicality and adequacy under Federal Rule of Civil Procedure 23.

2

*See* 264 F.3d 201, 262–65 (3d Cir. 2001) (analyzing 15 U.S.C. § 78u-4(a)(3)).  In step two, the Court should appoint the IREN Investor Group as lead plaintiff because there is no "proof" to rebut the presumption that the group is the "most adequate plaintiff."

Furthermore, the Court should approve the IREN Investor Group's selection of Bottini & Bottini, Inc. as lead counsel for the class because the firm:

- specializes in representing shareholders in securities litigation; and

- has a demonstrated record of success in litigating securities class actions and is thus qualified to represent plaintiffs and the class.

The Court should also appoint Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland") as liaison counsel because the firm — one of the oldest and most highly respected law firms in Northern New Jersey — will ably serve the class by providing local support to lead counsel.

Accordingly, the Court should grant the IREN Investor Group's motion.

3

## FACTUAL BACKGROUND

### I.    The Complaint

This action arises from false and misleading statements regarding Iris's business operation and financial condition made by Iris and six of its officers and directors (collectively, "Defendants") between November 17, 2021 and November 1, 2022 (the "Class Period").  *See* ¶¶ 1, 18–21.[3]

Based in Australia, Iris touts itself as a leading owner and operator of institutional-grade, highly efficient, proprietary Bitcoin mining data centers powered by 100% renewable energy.  ¶ 2.  Iris's Bitcoin mining operations purportedly generate revenue by earning Bitcoin through a combination of block rewards and transaction fees from the operation of specialized computing equipment called "miners" or "Bitcoin miners" and exchanging these Bitcoin for fiat currencies such as U.S. dollars on a daily basis.  ¶ 3.  Iris has three wholly-owned special purpose vehicles, referred to as "Non-Recourse SPV 1," "Non-Recourse SPV 2," and "Non-Recourse SPV 3"

---

[3] The allegations in the December 14, 2022 Class Action Complaint (Dkt. No. 1) are cited as "¶ ___."

(collectively, the "Non-Recourse SPVs"), each of which was incorporated for the specific purpose of financing certain of the Bitcoin miners operated by Iris. ¶ 4.

On November 17, 2021, Iris conducted an initial public offering ("IPO") in the United States, issuing approximately 8.27 million of its ordinary shares to the public at the Offering price of $28 per share (the "Offering Price"). ¶ 6. In connection with this IPO, Iris filed with the Securities and Exchange Commission a Registration Statement and a Prospectus (together, the "Offering Documents"). ¶¶ 5, 7.

The complaint alleges that Iris's Offering Documents were negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation. ¶¶ 38–41. The complaint further alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding Iris's business, operations, and prospects. ¶¶ 42–63. Specifically, Defendants made false and misleading

statements and failed to disclose that:

- certain of Iris's Bitcoin miners, owned through its Non-Recourse SPVs, were unlikely to produce sufficient cash flow to service their respective debt financing obligations;

- accordingly, Iris's use of equipment financing agreements to procure Bitcoin miners was not as sustainable as Defendants had represented;

- the foregoing was likely to have a material negative impact on Iris's business, operations, and financial condition; and

- as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and misleading and failed to state information required to be stated therein.

*See* ¶¶ 8, 38–63.

On November 2, 2022, Iris issued a press release disclosing, among other things, that "[c]ertain equipment (*i.e.*, Bitcoin miners) owned by [Non-Recourse SPV 2 and Non-Recourse SPV 3] currently produce insufficient

6

cash flow to service their respective debt financing obligations, and have a current market value well below the principal amount of the relevant loans" and that "[r]estructuring discussions with the lender remain ongoing."  ¶ 9. On this news, Iris's ordinary share price fell $0.51 per share, or 15.04%, to close at $2.88 per share on November 2, 2022 — a nearly 90% decline from the Offering price.  ¶ 10.  As of the time the complaint was filed (on December 14, 2022), Iris's ordinary shares continue to trade significantly below the $28 per share Offering price, damaging investors.  ¶ 11.

Based on these allegations, the complaint asserts claims:

- under the 1933 Act on behalf of all persons and entities that acquired Iris ordinary shares pursuant or traceable to the Offering Documents (¶¶ 96–109); and

- under the 1934 Act on behalf of all persons and entities that acquired Iris ordinary shares during the Class Period (¶¶ 80–95).

## II.    The IREN Investor Group's Motion

Like other members of the class, the members of the IREN Investor Group purchased Iris shares during the Class Period, in reliance on the false

7

and misleading statements alleged in the complaint. *See* Chang Decl. Exs. 2–3. Collectively, the members of the IREN Investor Group spent $1,398,992.00 to purchase 59,952 Iris shares and suffered an aggregate loss of approximately $1,315,658.72. *See* Chang Decl. Ex. 3 at 1.

Joined by their common goal to recover damages for themselves and other class members, the members of the IREN Investor Group have decided to seek appointment as lead plaintiff. *See* Chang Decl. ¶ 2.

## ARGUMENT

## I. The Court Should Appoint the IREN Investor Group as Lead Plaintiff

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action alleging securities fraud is "the person or group of persons" that:

- "has either filed the complaint or made a motion in response to a notice";

- "has the largest financial interest in the relief sought by the class"; and

- "otherwise satisfies the requirements of Rule 23 of the Federal Rules

8

of Civil Procedure."

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As discussed below, the IREN Investor

Group meets these requirements and should be appointed as lead plaintiff.

## A.    The IREN Investor Group's Motion Is Timely

According to the December 14, 2022 notice, the 60-day period in which

class members may move to be appointed lead plaintiff under § 78u-

4(a)(3)(A)(II) expires on February 13, 2023.  *See* Chang Decl. ¶ 4, Ex. 1 at 1.

Thus, the IREN Investor Group's motion is timely.

Accordingly, the IREN Investor Group is entitled to have its motion

considered by the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

## B.    The IREN Investor Group Has Suffered the Largest Amount of Recoverable Losses

The "lead plaintiff" is "the member or members of the purported

plaintiff class that the court determines to be most capable of adequately

representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).

To identify the presumptive "most adequate plaintiff," the court must first

determine which member or group of members of the class "has the largest

financial interest in the relief sought by the class."  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(bb).  As the Third Circuit held in *Cendant*, this determination

requires consideration of three elements:  "(1) the number of shares that the

movant purchased during the putative class period; (2) the total net funds

expended by the plaintiffs during the class period; and (3) the approximate

losses suffered by the plaintiffs."  "To that end, district courts within the

Third Circuit 'have accorded the third element, the largest financial loss, the

greatest weight.'"  *Montesano*, 2020 U.S. Dist. LEXIS 65909, at *8 (Vazquez,

J.).

### (1)    The IREN Investor Group Suffered Substantial Losses as a Result of Their Purchases of Iris Stock

As demonstrated in the IREN Investor Group's certifications, during

the Class Period, the members of the IREN Investor Group collectively

purchased 59,952 shares of Iris stock during the Class Period and, as a result,

suffered an aggregate loss in the amount of $1,315,658.72.  *See* Chang Decl.

Ex. 3 at 1.  To the best of their knowledge, the members of the IREN Investor

Group do not know of another class member who is seeking lead-plaintiff

appointment and who has suffered a higher amount of losses.  Thus, the

IREN Investor Group is the presumptive most adequate plaintiff.  *See*, *e.g.*,

*Montesano*, 2020 U.S. Dist. LEXIS 65909, at **8–9 (finding that the movant claiming the largest amount of loss "has the largest financial interest of the potential lead plaintiffs").

### (2)    As Demonstrated in the Joint Declaration, the IREN Investor Group Has the Ability to Function Cohesively and to Prosecute This Action Vigorously

The PSLRA authorizes the Court to appoint a "group of persons" as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also, e.g., Cendant*, 264 F.3d at 269–70 (affirming the district court's decision to appoint a group as lead plaintiff).  District courts across the country, including this Court, have allowed unrelated investors to form groups to be appointed as lead plaintiffs so long as they demonstrate the ability to function cohesively.  *See, e.g., Montesano*, 2020 U.S. Dist. LEXIS 65909, at **14–15; *Wilson*, 2020 U.S. Dist. 171474, at **6–7.[4]

_____

[4] *See also, e.g., Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 JPO, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (appointing a group as lead plaintiff despite the lack of any pre-litigation relationship among the group members); *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 DAB, 2002 WL 1268013, at *6 (S.D.N.Y. June 6, 2002) (same); *Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10-0414-MJP *et al.*, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010) (same); *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 WL 34012374, at

11

The IREN Investor Group demonstrates the requisite cohesion.  As demonstrated in their joint declaration, the members of the IREN Investor Group have made a conscious decision to represent the class as a group based on their belief that their common losses will best serve the class. Chang Decl. Ex. 6 ¶ 2.  To facilitate their joint representation of the class, they have established a protocol to communicate with counsel and to manage this litigation.  *Id*. ¶¶ 10–12.  All group members are experienced investors and business professionals.  *Id*. ¶ 4.   Three group members are business associates with a pre-litigation relationship; and two group members are brothers.  *Id*.  Each member of the IREN Investor Group is ready and willing to vigorously prosecute this action and actively monitor counsel in the course of this litigation.  *Id*. ¶ 9.  These facts compel the conclusion that the IREN Investor Group can function as a cohesive group to vigorously prosecute this action on behalf of the class.  *See*, *e.g.*, *Phuong Ho v. NQ Mobile*,

---

*6 (N.D. Cal. Aug. 20, 2001) (to determine whether to appoint a group, the court's "singular focus will be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel").

*Inc.*, No. 13 Civ. 8125 WHP, 2014 WL 1389636, at *5 (S.D.N.Y. Apr. 9, 2014) (the protocol "to manage the litigation" shows that the group "has a plan for efficient management of the action").

### C.    The IREN Investor Group Has Made a *Prima Facie* Showing of Typicality and Adequacy Under Rule 23(a)

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc).  Rule 23(a) requires that:  (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a).  In deciding a lead plaintiff motion, courts limit their inquiries to the typicality and adequacy prongs of Rule 23(a).  *See*, *e.g.*, *Cendant*, 264 F.3d at 263 ("[t]he initial [Rule 23] inquiry … should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### (1)    The IREN Investor Group's Claims Are Typical

The typicality requirement of Rule 23(a)(3) is satisfied when the named

plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues.  *See* FED. R. CIV. P. 23(a)(3); *see also Cendant*, 264 F.3d at 265 ("in inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based'").  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact").  Nor does typicality require that the proposed class representatives' claims be identical to those of other class members.  *See*

14

*Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 DAB, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004). Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements. *See id*.

The IREN Investor Group's claims are typical of those of other class members. The IREN Investor Group purchased Iris stock during the Class Period based on false and misleading statements in the Registration Statement for the IPO. *See* Chang Decl. Exs. 2–3. Like other class members, the IREN Investor Group and its members suffered significant damages as a result of its purchases of Iris stock. Chang Decl. Ex. 3 at 1. For example, Network Racing Pty Ltd. purchased 20,000 shares of Iris stock directly from the IPO; and thus, its standing to represent the class for the 1933 Act claims cannot be disputed. *See id*. at 2. These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are based on the same legal theory and arise from the same events and course of conduct as the class's claims. *See,*

*e.g., Montesano*, 2020 U.S. Dist. LEXIS 65909, at \*\*14–15; *Caiafa v. Sea Containers Ltd.*, No. 06 Civ. 2565 RMB, 2006 WL 2381841, at \*1 (S.D.N.Y. Aug. 14, 2006) (appointing lead plaintiff whose "claims are 'typical' in that they 'arise from the same course of conduct that gives rise to the claims of the other class members'").

### (2)    The IREN Investor Group Is an Adequate Representative of the Class

Rule 23(a)(4)'s adequacy-of-representation requirement is satisfied when counsel for the class is competent, the representative's interests are not antagonistic to those of the absent class members, and it is unlikely that the action is collusive. *See, e.g., Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 633 (D.N.J. 2002) ("The factor is fulfilled when 'both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of other class members.'").

Here, the IREN Investor Group is an adequate representative of the class for two reasons.  First, the IREN Investor Group's interests are clearly aligned with the interests of the members of the class because, like other class members, the group purchased Iris stock due to defendants' materially false

16

and misleading statements. *See* Chang Decl. Exs. 2–3. There is no antagonism between the IREN Investor Group's interests and those of the putative class. Second, the IREN Investor Group has taken significant steps that demonstrate the willingness and ability of its members to protect the interests of the class: (1) the IREN Investor Group's members have executed sworn certifications detailing their Class Period transactions; (2) they have timely moved this Court for appointment as lead plaintiff; and (3) they have retained competent and experienced counsel to prosecute these claims. As discussed below, the IREN Investor Group's proposed counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. *See* Chang Decl. Ex. 4. Thus, the IREN Investor Group satisfies Rule 23 for the purposes of this motion. *Montesano*, 2020 U.S. Dist. LEXIS 65909, at **14–15.

## II.    The Court Should Approve the Selection of Bottini & Bottini, Inc. as Lead Counsel and Cohn Lifland as Liaison Counsel Based on These Firms' Experiences and Qualifications

The PSLRA provides that the lead plaintiff shall, subject to court approval, select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). A

17

court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The IREN Investor Group has selected the law firm of Bottini & Bottini, Inc. as lead counsel.  *See* Chang Decl. Ex. 4.  The attorneys at Bottini & Bottini, Inc. have substantial experience in prosecuting securities class actions.  *See id.*  For example, the firm served as lead counsel for the class in a multi-billion-dollar action involving a feeder fund to Bernard L. Madoff's Ponzi scheme, *In re Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB) (S.D.N.Y.).  The firm was one of the three law firms that led the prosecution of a securities-fraud class action under the 1933 Act against Alibaba Group Holding Limited, *Chicago Laborers Pension Fund v. Alibaba Group Holding Ltd.*, No. CIV535692 (Cal. Super. Ct. Cnty. of San Mateo).  In light of counsel's in-depth experience and ability to serve the class's best interests, the Court should approve the IREN Investor Group's selection of Bottini & Bottini, Inc. as lead counsel.

The Court should also appoint Cohn Lifland as liaison counsel.  As

demonstrated in its resume, the firm is one of the oldest and most highly respected law firms in Northern New Jersey. *See* Chang Decl. Ex. 5. The firm will ably provide local support to lead counsel for the class.

**CONCLUSION**

For all the foregoing reasons, the Court should grant the IREN Investor Group's motion in its entirety.

Dated:  February 13, 2023               Respectfully submitted,

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
Peter S. Pearlman
Matthew F. Gately

                                     s/ Peter S. Pearlman
                                _____
                                      Peter S. Pearlman

Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600
Facsimile:  (201) 845-9423
Email:       psp@njlawfirm.com
                  mfg@njlawfirm.com

*Counsel for Movants Network Racing Pty Ltd., Nahi Beaini, LRJ Superannuation Fund, and De Stoop Investments Pty Ltd. and Proposed Liaison Counsel*

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
(*pro hac vice* forthcoming)
Albert Y. Chang
(*pro hac vice* forthcoming)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:    (858) 914-2001
Facsimile:    (858) 914-2002
Email:   fbottini@bottinilaw.com
             achang@bottinilaw.com

*Counsel for Movants Network Racing Pty Ltd., Nahi Beaini, LRJ Superannuation Fund, and De Stoop Investments Pty Ltd. and Proposed Lead Counsel for the Class*

20