James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Movant
Erik Keyser and Proposed Liaison Counsel
for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant Erik
Keyser and Proposed Lead Counsel for the
Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT STERLING, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, BELINDA NUCIFORA, DAVID BARTHOLOMEW, CHRISTOPHER GUZOWSKI, and MICHAEL ALFRED,<br><br>Defendants. | Case No. 2:22-cv-07273-JMV-MAH<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF ERIK KEYSER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

## <u>PRELIMINARY STATEMENT</u>

Erik Keyser ("Keyser") respectfully moves this Court for appointment as Lead Plaintiff pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Keyser further moves for approval of his selection of counsel on behalf of a putative class of purchasers of Iris Energy Limited securities (as defined below).

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Keyser believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Keyser satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Keyser respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Keyser's selection of Glancy Prongay & Murray LLP as Lead Counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. for the class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.    FACTUAL BACKGROUND[1]

This is a class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired: (a) Iris Energy Limited ("Iris" or the "Company") ordinary shares pursuant and/or traceable to the Offering Documents issued in connection with the Company's initial public offering conducted on or about November 17, 2021 (the "IPO" or "Offering"); and/or (b) Iris securities between November 17, 2021 and November 1, 2022, both dates inclusive (the "Class Period").

Iris claims to be a leading owner and operator of institutional-grade, highly efficient, proprietary Bitcoin mining data centers powered by 100% renewable energy. Iris's Bitcoin mining operations purportedly generate revenue by earning Bitcoin through a combination of block rewards and transaction fees from the operation of specialized computing equipment called "miners" or "Bitcoin miners" and exchanging these Bitcoin for fiat currencies such as U.S. dollars ("USD") or Canadian dollars ("CAD") on a daily basis. Iris has three wholly-owned special purpose vehicles, referred to as "Non-Recourse SPV 1", "Non-Recourse SPV 2", and "Non-Recourse SPV 3" (collectively, the "Non-Recourse SPVs"), each of which was incorporated for the specific purpose of financing certain of the Bitcoin miners operated by the Company.

On or about November 17, 2021, Iris conducted its IPO, issuing approximately 8.27 million shares to the public at a price of $28 per share for approximate proceeds to the Company of $215 million, before expenses, and after applicable underwriting discounts and commissions.

The complaint in this action alleges that Defendants made false and misleading statements throughout the Class Period and in the Offering Documents, and failed to disclose

---

[1] This section is adapted from the allegations in the complaint, Dkt. No. 1.

material adverse facts, including that: (i) certain of Iris's Bitcoin miners, owned through its Non-Recourse SPVs, were unlikely to produce sufficient cash flow to service their respective debt financing obligations; (ii) accordingly, Iris's use of equipment financing agreements to procure Bitcoin miners was not as sustainable as Defendants had represented; (iii) the foregoing was likely to have a material negative impact on the Company's business, operations, and financial condition; and (iv) as a result, the Offering Documents and Defendants' public statements throughout the Class Period were materially false and/or misleading.

On November 2, 2022, Iris issued a press release disclosing, among other things, that "[c]ertain equipment (*i.e.*, Bitcoin miners) owned by [NonRecourse SPV 2 and Non-Recourse SPV 3] currently produce insufficient cash flow to service their respective debt financing obligations, and have a current market value well below the principal amount of the relevant loans" and that "[r]estructuring discussions with the lender remain ongoing."

On this news, Iris's ordinary share price fell $0.51 per share, or 15.04%, to close at $2.88 per share on November 2, 2022, thereby injuring investors. As of the time the complaint in this action was filed, Iris's ordinary shares traded significantly below the $28 per share Offering price.

## II.    ARGUMENT

### A.    Keyser Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—

*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Keyser satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Keyser has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Keyser is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Keyser respectfully submits that he should be appointed lead plaintiff.

### 1.    Keyser Filed a Timely MOTION

On January 20, 2021, pursuant to Section 27(a)(3)(A)(i) of the PSLRA, notice was published in connection with this action. *See* Declaration of James E. Cecchi ("Cecchi Decl."), Exhibit ("Ex.") A. Therefore, Keyser had sixty days (*i.e.*, until February 13, 2023) to file a

motion to be appointed as Lead Plaintiff. As a purchaser of Iris securities pursuant or traceable to the Registration Statement issued in connection with the IPO and/or during the Class Period, Keyser is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Keyser attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Cecchi Decl., Ex. B. Accordingly, Keyser satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.    Keyser Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Keyser believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud as described above, Keyser suffered substantial financial losses of approximately $6,255.92 for his Section 10(b) claims and losses of approximately $6,451.78 for his Section 11 claims. *See* Cecchi Decl., Ex. C. To the best of his knowledge, Keyser is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Keyser believes he has the "largest financial interest in the relief sought by the class." Thus, Keyser satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the class.

### 3.    Keyser Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "[t]he initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263.

### a)    Keyser's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. at *7.

Keyser's claims are typical of the claims asserted by the proposed class. Like all members of the class, Keyser alleges that Defendants' material misstatements and omissions concerning Iris's business, operations, and financial prospects violated the federal securities laws. Keysers, like all of the members of the class, purchased Iris securities in reliance on

Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Keyser's interests and claims are "typical" of the interests and claims of the class.

### b) Keyser Is An Adequate Representative

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at *6 (D.N.J. Apr. 17, 2002).

Keyser has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Cecchi Decl., Ex. C. Keyser is not aware of any conflict between his claims and those asserted on behalf of the class. Accordingly, Keyser should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Keyser has selected Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Cecchi Decl., Exs. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Keyser's selection of counsel.

## III.    CONCLUSION

For the foregoing reasons, Erik Keyser respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Keyser as lead plaintiff; (2) approving Keyser's selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: February 13, 2023                Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:   _s/ James E. Cecchi_
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Liaison Counsel for Lead Plaintiff Movant Erik Keyser and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant Erik Keyser and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*