COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Peter S. Pearlman
Matthew F. Gately
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600
Facsimile:  (201) 845-9423

*Counsel for Movant the IREN Investor Group
and Proposed Liaison Counsel*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT STERLING, individually and on behalf of all others similarly situated, | Case No. 2:22-cv-7273-JMV-MAH |
| Plaintiff, | Class Action |
| vs. | Honorable John Michael Vazquez |
| IRIS ENERGY LIMITED, DANIEL ROBERTS, WILLIAM ROBERTS, BELINDA NUCIFORA, DAVID BARTHOLOMEW, CHRISTOPHER GUZOWSKI, and MICHAEL ALFRED, | MOTION DAY: **March 20, 2023** |
| | ORAL ARGUMENT REQUESTED |
| Defendants. | |

**Memorandum of Law in Opposition to Erik Keyser's
Motion for Appointment of Lead Plaintiff and
for Approval of Selection of Lead Counsel**

**Table of Contents**

PRELIMINARY STATEMENT ...................................................................1

ARGUMENT ...............................................................................................6

    I.    The Court Should Appoint the IREN Investor Group
        as Lead Plaintiff Because the Group Is the Presumptive
        "Most Adequate Plaintiff" .................................................6

    II.   The Court Should Approve the IREN Investor Group's
         Selection of Lead Counsel and Liaison Counsel...........................8

    III.  The Court Must Refrain from Considering Keyser's
         Candidacy Because He Claims Far Smaller Losses
         Than the IREN Investor Group and, in Fact, Each
         Group Member Individually ............................................9

    IV.  Even If the Court Were to Consider Keyser's Ability to
         Satisfy Rule 23(a)'s Typicality and Adequacy
         Requirements, Substantial Doubts Exist as to Whether
         He Could Do So Because He Has Failed to Submit Any
         Information Regarding His Qualifications ..................................11

    CONCLUSION ....................................................................................12

i

# Table of Authorities

## Cases

*Aguilar v. Vitamin Shoppe, Inc.*,
    2018 U.S. Dist. LEXIS 69968 (D.N.J. Apr. 25, 2018) ........................... 4, 10, 11

*Bruce v. Suntech Power Holdings Co.*,
    2012 U.S. Dist. LEXIS 167702 (N.D. Cal. Nov. 13, 2012) .............................10

*DeLuca v. Instadose Pharma Corp.*,
    2022 U.S. Dist. LEXIS 135424 (E.D. Va. July 29, 2022) ...................................4

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................8

*Hodges v. Akeena Solar, Inc.*,
    263 F.R.D. 528 (N.D. Cal. 2009) ...................................................................4, 10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...................................................................... 10, 12

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................... *passim*

*In re Mersho*,
    6 F.4th 891 (9th Cir. 2021) ..............................................................................11

*In re Sequans Commc'ns S.A. Sec. Litig.*,
    289 F. Supp. 3d 416 (E.D.N.Y. 2018).................................................................4

*Montesano v. Eros Int'l PLC*,
    2020 U.S. Dist. LEXIS 65909 (D.N.J. Apr. 14, 2020)........................... 3, 6, 7, 12

*Phuong Ho v. NQ Mobile, Inc.*,
    2014 U.S. Dist. LEXIS 51623 (S.D.N.Y. Apr. 9, 2014) ......................................8

*Sabbagh v. Cell Therapeutics, Inc.*,
  2010 U.S. Dist. LEXIS 93614 (W.D. Wash. Aug. 2, 2010).................................8

*Soto v. Hensler*,
  235 F. Supp. 3d 607 (D. Del. 2017) ....................................................................4

**Statutes**

15 U.S.C. § 77k .........................................................................................................2

15 U.S.C § 77z-1 .......................................................................................................1

15 U.S.C. § 78u-4 .............................................................................................. *passim*

**Rules**

FED. R. CIV. P. 23 .............................................................................................. *passim*

**Treatises**

*Herbert B. Newberg, et al.*,
  NEWBERG ON CLASS ACTIONS, § 3:13 (4th ed. 2008) ........................................7

Movants Network Racing Pty Ltd., Nahi Beaini, LRJ Superannuation Fund, and De Stoop Investments Pty Ltd. (together, the "IREN Investor Group") respectfully submit this memorandum in opposition to Erik Keyser's motion (Dkt. No. 27), under Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B),[1] as amended by the Private Securities Litigation Reform Act of 1995, for appointment as lead plaintiff and for approval of selection of lead counsel and liaison counsel.[2]

## PRELIMINARY STATEMENT

The Court must appoint the IREN Investor Group as lead plaintiff and deny Erik Keyser's competing motion because the IREN Investor Group claims over $1.2 million higher losses than Mr. Keyser:

---

[1] The texts of the "[a]ppointment of lead plaintiff" provisions in the 1933 Act (15 U.S.C. § 77z-1(a)(3)) and the 1934 Act (15 U.S.C. § 78u-4(a)(3)) are substantively identical. Discussions of either provision apply to both.

[2] This opposition brief adopts all terms defined in the IREN Investor Group's February 13, 2023 brief in support of its motion (Dkt. No. 26-1). All citations to page numbers of docket entries refer to the page numbers assigned by CM/ECF (on the top of each page of the documents).

1

| Movant | Shares Acquired | Losses Under the 1933 Act[3] | Losses Under the 1934 Act[4] |
|---|---|---|---|
| **The IREN Investor Group** | **59,952** | **$1,315,658.72** | **$1,294,675.52** |
| Erik Keyser | 548 | $6,451.78 | $6,255.92 |

In fact, each member of the IREN Investor Group claims substantially higher

losses than Keyser individually:

| Individual Movant | Shares Acquired | Losses Under the 1933 Act | Losses Under the 1934 Act |
|---|---|---|---|
| **Network Racing Pty Ltd.** | **20,000** | **$532,200.00** | **$525,200.00** |
| **Nahi Beaini** | **25,145** | **$493,093.45** | **$484,292.70** |
| **LRJ Superannuation Fund** | **9,759** | **$191,373.99** | **$187,958.34** |
| **De Stoop Investments Pty Ltd.** | **5,048** | **$98,991.28** | **$97,224.48** |
| Erik Keyser | 548 | $6,451.78 | $6,255.92 |

---

[3] The losses under the 1933 Act are calculated based on the difference between the IPO price of $28 per share and the closing price of Iris Energy stock on December 14, 2022 ($1.39), when this action was commenced. *See* Dkt. No. 26-8 at 2 n*; *see also* 15 U.S.C. § 77k(e).

[4] The losses under the 1934 Act are calculated based on the difference between the purchase price paid by the movants and the "90-day-look-back" price of $1.74 — the average daily closing price of Iris Energy stock between November 2, 2022 and January 30, 2023. *See* 15 U.S.C. § 78u-4(e)(2).

The IREN Investor Group and each group member are the movants having the "largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).  Under the lead-plaintiff-selection process set forth by the Third Circuit in *In re Cendant Corp. Litigation*, once the Court identifies the movant with the largest losses, the Court must appoint that movant as lead plaintiff unless the movant cannot satisfy Rule 23(a)'s typicality and adequacy requirements.  *See* 264 F.3d 201, 267 (3d Cir. 2001).

Here, the IREN Investor Group, and each group member, individually, satisfies Rule 23(a)'s typicality and adequacy requirements.  As demonstrated in the certifications and joint declaration of the group members (Dkt. Nos. 26-4, 26-11), the IREN Investor Group members' claims are typical because they are based on the same legal theories and arise from the same events that give rise to the claims of other class members. *Montesano v. Eros Int'l PLC*, 2020 U.S. Dist. LEXIS 65909, at **14–15 (D.N.J. Apr. 14, 2020).  And the IREN Investor Group can adequately represent the class because the group members' interests are clearly aligned with the interests of the putative class.  *See id.* at *11.  As such, the IREN Investor

3

Group is the presumptive "most adequate plaintiff." *See id*. at *3.

As this Court emphasized in *Montesano*, this presumption can only be rebutted based on "'proof' … that [the IREN Investor Group] would not be able to 'fairly and adequately protect the interests of the class.'" *Id*. at *30 (quoting *Cendant*, 264 F.3d at 268). Absent such proof, the PSLRA requires that the IREN Investor Group be appointed as lead plaintiff. In fact, where, as here, at least one individual member of a movant group claims losses larger than all other individual movants, courts in this District and beyond have consistently appointed the group as lead plaintiff and denied the competing individual movants' applications. *See Aguilar v. Vitamin Shoppe, Inc*., 2018 U.S. Dist. LEXIS 69968, at *30 (D.N.J. Apr. 25, 2018) (appointing a group as lead plaintiff where one individual group member claims larger losses than a competing movant).[5] As the court in *Aguilar* explained, the fact

---

[5] *See also*, *e.g.*, *DeLuca v. Instadose Pharma Corp*., 2022 U.S. Dist. LEXIS 135424, at **11–12 (E.D. Va. July 29, 2022) (same); *Soto v. Hensler*, 235 F. Supp. 3d 607, 622 (D. Del. 2017) (same); *In re Sequans Commc'ns S.A. Sec. Litig*., 289 F. Supp. 3d 416, 425 (E.D.N.Y. 2018) (same); *Hodges v. Akeena Solar, Inc*., 263 F.R.D. 528, 533 (N.D. Cal. 2009) (same).

that an individual group member's claimed losses are larger than a competing individual movant "eases concerns about plaintiffs coming together solely to aggregate losses."  2018 U.S. Dist. LEXIS 69968, at *30.

Because the only other movant, Erik Keyser, claims losses that are substantially smaller than those of the IREN Investor Group — and each of its group members — the Court must refrain from assessing Keyser's typicality and adequacy.  This is so because *Cendant* permits the Court to conduct such an assessment only if the IREN Investor Group is found to be atypical and inadequate under Rule 23.  *See* 264 F.3d at 267.  Even if the Court were to assess Keyser's typicality and adequacy, substantial doubts exist as to whether he is able to adequately lead the prosecution of this action and supervise counsel.  Keyser has failed to provide any information regarding his background, education, or experience in investment or in litigation.  In contrast, every member of the IREN Investor Group has submitted to the Court their qualifications and willingness to lead this litigation, including the fact that they are experienced investors and are able to supervise counsel. *See* Dkt. No. 26-11 ¶¶ 4, 9–13.

Accordingly, the Court should grant the IREN Investor Group's motion and deny Keyser's competing motion.

## ARGUMENT

### I.    The Court Should Appoint the IREN Investor Group as Lead Plaintiff Because the Group Is the Presumptive "Most Adequate Plaintiff"

As this Court noted in *Montesano*, in assessing which movant has the largest financial interest under the PSLRA, the movants' "financial loss" is accorded "the greatest weight."  *Montesano*, 2020 U.S. Dist. LEXIS 65909, at *8.  Here, the IREN Investor Group has suffered losses in the amount of $1,315,658.72 under the Securities Act and $1,294,675.52 under the Exchange Act.  *See* Dkt. No. 26-8 at 2.  These losses are far larger than those claimed by Keyser:  $6,451.78 under the Securities Act and $6,255.92 under the Exchange Act.  Dkt. No. 27-5 at 2.

In light of the substantial difference between the losses of the IREN Investor Group and Keyser, the Court must find that the IREN Investor Group has the largest financial interest in the relief sought by the class.  *Montesano*, 2020 U.S. Dist. LEXIS 65909, at **8–9.  Under *Cendant*, the Court

6

must determine whether the IREN Investor Group meets Rule 23(a)'s typicality and adequacy requirements.

Here, the IREN Investor Group's claims are typical of the claims of the other members of the putative class because, like all other class members, the group purchased Iris Energy shares at prices artificially inflated by Defendants' materially false and misleading statements or omissions and suffered damages as a consequence. *See Montesano*, 2020 U.S. Dist. LEXIS 65909, at \*\*14–15; *see also Herbert B. Newberg, et al.*, Newberg on Class Actions, § 3:13 (4th ed. 2008). Moreover, the IREN Investor Group is an adequate class representative because, as demonstrated in the group members' joint declaration (Dkt. No. 26-11), they possess common interests and an absence of conflict with fellow class members, and because their counsel is qualified, experienced, and able to conduct the litigation. *See* Dkt. Nos. 26-9, 26-10. In addition, the IREN Investor Group can function as a cohesive group because the group members have established a protocol to work together, are committed to representing the class, and share the same goal of obtaining the largest possible recovery for the class (Dkt. No. 26-11

¶¶ 9–11).  *See, e.g., Phuong Ho v. NQ Mobile, Inc.*, 2014 U.S. Dist. LEXIS 51623, at *19 (S.D.N.Y. Apr. 9, 2014) (the protocol "to manage the litigation" shows that the group "has a plan for efficient management of the action"); *Sabbagh v. Cell Therapeutics, Inc.*, 2010 U.S. Dist. LEXIS 93614, at *18 (W.D. Wash. Aug. 2, 2010) (appointing a group as lead plaintiff); *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) (same).

Accordingly, the IREN Investor Group is the presumptive "most adequate plaintiff" under the PSLRA.  Because there is no evidence to rebut that presumption, the Court must appoint the IREN Investor Group as lead plaintiff.  *See Cendant*, 264 F.3d at 267.

## II.    The Court Should Approve the IREN Investor Group's Selection of Lead Counsel and Liaison Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  In making this determination, the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the IREN Investor Group has selected Bottini & Bottini to

represent the class.  As demonstrated in the firm's resume (Dkt. No. 26-9), the firm has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  The Court should therefore approve the selection of Bottini & Bottini as lead counsel for the class.  The Court should also appoint Cohn Lifland as liaison counsel because the firm is one of the oldest and most highly respected law firms in Northern New Jersey.  *See* Dkt. No. 26-10.

III.    **The Court Must Refrain from Considering Keyser's Candidacy Because He Claims Far Smaller Losses Than the IREN Investor Group and, in Fact, Each Group Member Individually**

At the first step in considering competing motions for lead-plaintiff appointment under the PSLRA, the Court must identify the movant with "the largest financial interest in the relief sought by the class."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).  To that end, as the Third Circuit instructed in *Cendant*, the Court must first assess whether the movant with the largest financial interest meets Rule 23(a)'s typicality and adequacy requirements. *See* 264 F.3d at 267.  And only upon a finding that the movant with the largest financial interest cannot satisfy Rule 23(a), may the Court "identify the

movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *Id*. Put another way, "[t]he court must examine potential lead plaintiffs *one at a time*, starting with the one who has the greatest financial interest, and *continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical*." *In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002) (emphases added).

Under this one-movant-at-a-time approach, because the IREN Investor Group and each group member have larger losses than Keyser, the Court must accord the IREN Investor Group the status of the presumptive "most adequate plaintiff" so long as the group makes a *prima facie* showing of typicality and adequacy under Rule 23(a). *See, e.g., Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *30; *Hodges*, 263 F.R.D. at 533 (appointing a group as lead plaintiff where one group member "has the greatest financial stake in the litigation of any movant"); *Bruce v. Suntech Power Holdings Co.*, 2012 U.S. Dist. LEXIS 167702, at **6–8 (N.D. Cal. Nov. 13, 2012) (disregarding arguments that an investor group was "cobbled together" because the group had the

10

largest financial interest, both as a whole and as to one member individually).

The fact that the IREN Investor Group seeks lead-plaintiff appointment as a group forms no basis for deviating from this approach because each member of the group claims substantially larger losses than Keyser. *Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *30. In fact, the Ninth Circuit recently reversed a district court's decision denying the presumptive "most adequate plaintiff" status to a movant group without "proof" — simply based on the court's "misgivings" about how the group would work together. *See In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021).

Accordingly, in light of the financial stake of the IREN Investor Group, the Court must appoint the IREN Investor Group as lead plaintiff and refrain from considering Keyser's competing motion.

## IV. Even If the Court Were to Consider Keyser's Ability to Satisfy Rule 23(a)'s Typicality and Adequacy Requirements, Substantial Doubts Exist as to Whether He Could Do So Because He Has Failed to Submit Any Information Regarding His Qualifications

In light of the fact that Keyser claims far smaller losses than the IREN Investor Group and each group member individually, the Court should not

consider Keyser's ability to meet Rule 23(a)'s requirements. *See Cendant*, 264 F.3d at 267; *see also Cavanaugh*, 306 F.3d at 733. But even if the Court were to do so, substantial doubts exist as to whether Keyser can meet Rule 23(a)'s adequacy requirement. Nowhere in his motion does Keyser provide any information regarding his background and experience in investments and litigation. The Court lacks a basis to gauge Keyser's ability to represent the class and manage counsel in this litigation. *Cf. Montesano*, 2020 U.S. Dist. LEXIS 65909, at *14 (finding that the adequacy requirement was met based on a showing that the movant "appear[ed] interested in vigorously pursuing the asserted claims"). Accordingly, Keyser's candidacy cannot pass muster under Rule 23(a).

## CONCLUSION

For all the foregoing reasons, the Court should grant the IREN Investor Group's motion in its entirety and deny Keyser's competing motion.

///

///

///

12

Dated:  March 6, 2023

Respectfully submitted,

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
Peter S. Pearlman
Matthew F. Gately

s/ Peter S. Pearlman

Peter S. Pearlman

Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600
Facsimile:  (201) 845-9423
Email:       psp@njlawfirm.com
                mfg@njlawfirm.com

*Counsel for Movant the IREN Investor Group
and Proposed Liaison Counsel*

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr.
(*pro hac vice* forthcoming)
Albert Y. Chang
(*pro hac vice* forthcoming)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:     (858) 914-2001
Facsimile:      (858) 914-2002
Email:    fbottini@bottinilaw.com
             achang@bottinilaw.com

*Counsel for Movant the IREN Investor Group
and Proposed Lead Counsel for the Class*

13